FRANK J. RYAN, ESQ. Town Attorney, Cortlandt
We acknowledge receipt of your letter stating that the Town of Cortlandt is a town of the first class in the County of Westchester and that at the present time the receiver of taxes and assessments in the town is an elective officer. You inquire whether the office may be changed from elective to appointive and merged with another town office such as town comptroller, which latter office, pursuant to the provisions of Town Law § 34, is appointive; and, if it can be merged, whether the title of the office could be designated solely as comptroller, without continuing the title of receiver of taxes and assessments.
In our opinion, the elective office of receiver of taxes and assessments may be abolished and replaced by the appointive office of receiver of taxes and assessments by local law, subject to a mandatory referendum. We enclose herewith a copy of an informal opinion of this office dated May 13, 1977, addressed to Daniel G. Schum, Attorney for the Town of Ogden, to this same effect. The term of office of an appointive receiver of taxes and assessments is fixed by Town Law § 24, at two years.
Town Law § 11, subdivision 2, paragraph g, provides that in any town in which the office of receiver of taxes and assessments shall be appointive, the town board may appoint the town clerk of the town as the receiver of taxes and assessments but we do not find any other general statutory authorization for the appointment of another town officer as the receiver of taxes and assessments. However, our research can not and does not include a search for special and unconsolidated laws and charter provisions.
Town Law § 37, subdivision 1, provides that in a town of the first class school taxes shall be collected by the receiver of taxes and assessments of the town and that if that office is elective, the receiver of taxes and assessments shall hold no other elective public office. The New York Constitution, Article IX, § 3, subdivision a, provides, in part, as follows:
 "§ 3. (a) Except as expressly provided, nothing in this article shall restrict or impair any power of the legislature in relation to:
 "(1) The maintenance, support or administration of the public school system, as required or provided by article XI of this constitution, or any retirement system pertaining to such public school system * * *."
New York Constitution, Article XI, § 1, provides:
 "* * * Section 1. The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated. * * *"
In our opinion, the collection and distribution of school taxes relates to the maintenance and support of the public school system, the authority to legislate concerning which is reserved to the State legislature. In the absence of specific state legislation authorizing it, the office of receiver of taxes and assessments may not be eliminated in a town of the first class; the officer performing the functions of receiver of taxes and assessments must bear the title of the office; the office, if elective, may be combined with no other town office and the holder of the office may not hold any other elective public office; and the office, if appointive, may be combined with the office of town clerk but no other office.